Pee, CüRIAM.
 

 The bill states dealings between him and the defendant as partners in trade, and services performed for White after that settlement, with his wagon and team in Kentucky. He states, also, giving his bond to their clerks in January, 1809, for a greater sum than * was due, upon a promise made by the clerks to give him all just credits; the bond was made payable to White alone. Cox says, in his answer, he knows nothing concerning the moneys for which the bond was given. White says, in his answer, it was given, as he believes, for moneys due upon the books of the partnership. Upon reference to these books, they show a sum due from Love of $316 ; the bond is for $463, and the amount is credited in full by $316 of the bond, or by the bond in full. The Kentucky services were proved to have been performed in 1809, in the summer time; the books do not show any credit for these services. There is at the present time a chai’ge made by White against Cox for moneys advancéd to Love; which, if advanced? may be considered as money advanced to Love by the firm, which they borrowed of White. These sums amount very nearly to the difference between the $316 on the books, and the bond of $463; but there is not any proof that these were the sums which composed the difference. As to the services performed after the bond given in 1799, why did not the complainant set them off when sued on the bond ? Why not sue for them at law now and recover ? It is extremely dangerous to open accounts after settlements made by the parties, and a bond given for the balance. It ought not to be
 
 *440
 
 done when the application is made after a considerable lapse of time, when vouchers are lost and witnesses are removed; when so opened, the burden of proof ought to be thrown upon the complainant, and evidence ought to be received only to such parts of the account as the court permits the plaintiff to falsify if he can.
 

 It is allowed, under the restraint of not proceeding after answer, until the court directs a further procedure, which will be allowed if the errors be confessed, or such circumstances detailed as render it very probable that a mistake intervened. Ch. C. 262; * 1 E. C. Ab. 12. But in general the court will not open an account after bond taken, or release given, or the settlement be put under seal, unless collusion be alleged, or fraud, or the settlement be made under suspicious circumstances, which show an undue influence of one of the parties over the other, or there be a promise to correct errors, or be made by surprise, or unless the account itself show the error. For these and such like reasons, the account will be opened, if an application be made recently. 2 C. D. “ Chancery,” 2, 3.
 

 First, then, as to the difference between the account and bond. It appears upon the books referred to by the answer of White, that there is a difference between the bond and the books, to the amount of nearly $150. It is unexplained. It may be inquired into, the complainant taking the burden of proof upon himself, submitting to answer upon interrogatories, and proving by the clerks and others that the difference was without any just debt due from him to support it. As to the services performed in Kentucky, the court can only order, that upon any suit at law concerning them between White and the complainant, White shall not oppose to him the act of limitations, during the time the present cause remained in this court. 2 C. D. “ Chancery,” 4, W,
 
 17; 1
 
 Vern. 73, 74. When this court dismisses a bill because the complaint made by it is relievable at law, chancery will not suffer the act of limitations to be pleaded during the pendency of the suit in the court. To be more clear, it will not suffer that time to be reckoned on such plea.
 

 Decree, therefore, that as to the difference between the said sum of $316 appearing on the books referred to, and the amount of the bond given by the complainant, that the said complainant shall be at liberty, if he can, to establish by proof that said difference was
 
 *441
 
 not due to the defendants or either of them, by the oaths of the clerks who were present when the * said account was settled, and by such other proofs and evidences as will manifest the same ; that it be referred to the master to inquire of the difference, and then report to this court at the next term, whether the same were really given without consideration. And upon this examination the said complainants shall answer upon interrogatories. And as to the sum claimed to be due for services performed in Kentucky at the date of said bond, it is further decreed that this court will not give relief thereon; but direct that the act of limitations shall not be opposed to that claim when made at law, for so much time as hath elapsed from the commencement of this present suit in equity to this day. And this court doth reserve for further consideration, all other matters and things relating to the subjects of this present bill in equity, until after the said report shall be made.
 

 See, as to
 
 settlement of accounts, Gray
 
 v.
 
 Washington,
 
 Cooke, 321;
 
 Jones
 
 v.
 
 Ward,
 
 10 Yer. 160;
 
 Hay
 
 v.
 
 Marshall,
 
 3 Hum. 623. As to
 
 limitation, Walker
 
 v.
 
 Smith,
 
 8 Yer. 238. See King’s Digest, 177, 2050, 2161, 2162, 2518.